IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN THE MATTER OF THE
REHABILITATION OF AMBAC  10-cv-778-bbc
ASSURANCE CORPORATION,
_____

                       MEMORANDUM

THEODORE K. NICKEL, COMMISSIONER
OF INSURANCE OF THE STATE OF
WISCONSIN,  (Dane Cty. Cir. Crt. Civil Case
                       No.: 10 CV 1576)

    Petitioner,

 v.

UNITED STATES OF AMERICA,

    Respondent.

_____

UNITED STATES OF AMERICA,

    Plaintiff,

 v.  11-cv-99-bbc

WISCONSIN STATE CIRCUIT COURT
FOR DANE COUNTY;
THEODORE K. NICKEL, COMMISSIONER
OF INSURANCE OF THE STATE OF WISCONSIN,
as Rehabilitator of the Segregated Account of Ambac
Assurance Corporation; and
AMBAC ASSURANCE CORPORATION,

    Defendants.

1

This case is before the court on the unopposed request from the United States of America for the court to indicate that it is inclined to grant a motion to vacate its opinion and order of January 14, 2011, in <u>In the Matter of the Rehabilitation of Segregated Account of Ambac Assurance Corp.</u>, Case No. 10-cv-778-bbc, dkt. #36, reported at 782 F. Supp. 2d 743, and the court's opinion and order of February 18, 2011, in <u>United States v. Wisconsin State Circuit Court for Dane County</u>, Case No. 11-cv-99-bbc, dkt. #42, reported at 767 F. Supp. 2d 980.  Ambac Assurance Corporation and Theodore K. Nickel, Commissioner of Insurance of the State of Wisconsin, support the request for relief.  The Wisconsin State Circuit Court for Dane County takes no position on the request and does not oppose the relief sought by the United States.

The rehabilitation proceedings for Ambac Assurance Corporation were initiated in early 2010 in the Circuit Court for Dane County, the designated state rehabilitation court. The Commissioner of Insurance established a segregated account for part of Ambac's business that includes all policies with material anticipated losses and all other known, potentially material non-policy liabilities of Ambac's general account.  The segregated account has no claim-paying assets of its own but is capitalized by a two billion dollar secured note issued by Ambac and an aggregate excess of loss reinsurance agreement provided by Ambac.

In November 2010, Ambac allocated to the segregated account liabilities it had arising from its federal taxes through December 2009, including those related to a $900 million refund it had received from the Internal Revenue Service.  The Commissioner then obtained

an injunction from the Dane County court, barring the United States from taking any action against the segregated account or against Ambac relating to any future tax liability of Ambac. The United States removed the state court action to this court, less any "issues and/or claims in this rehabilitation action that are unrelated to the Internal Revenue Service." In an order entered on January 14, 2011, I granted the Commissioner's motion to remand.

The United States appealed the order. Before the appeal was heard, the parties settled the dispute. The settlement was finalized in the Southern District of New York (where a related bankruptcy proceeding was pending) and included a provision to the effect that the Wisconsin Commissioner of Insurance and Ambac Assurance Company would support any motion brought by the United States seeking to vacate the January 14, 2011 order entered in this court and a later order entered on February 18, 2011 in <u>United States of America v. Wisconsin State Circuit Court for Dane County</u>, case no. 11-cv-99-bbc, in which I held that this court had no jurisdiction to consider a motion for a preliminary injunction filed by the United States against the rehabilitation court. Order, dkt. #42.

As part of the settlement agreement, the parties agreed to seek dismissal of the appeals of these orders pending in the Court of Appeals for the Seventh Circuit. The United States moved to dismiss the appeals and vacate the opinions and orders of this court. On May 15, 2013, the court of appeals ordered the United States to "comply with Circuit Rule 57 by requesting that the district court indicate whether it is inclined to vacate the orders underlying this appeal under Fed. R. Civ. P. 60(b)." Snyder Decl., dkt. #47 (10-cv-778-bbc), dkt. #57 (11-cv-99-bbc), exh. A.

3

OPINION

Under the applicable law in this circuit, Marseilles Hydro Power LLC v. Marseilles Land & Water Co., 481 F.3d 1002 (7th Cir. 2007), a district court may vacate an opinion under Fed. R. Civ. P. 60(b), which allows the court to relieve a party from an order in a number of different circumstances, including those in which the judgment has been satisfied, released or discharged, Rule 60(b)(5), or for any other reason that justifies relief. Rule 60(b)(6). A showing of "exceptional circumstances" is not required. Marseilles Hydro Power, 481 F.3d at 1003.

The parties argue that the public interest favors vacatur of both opinions. First, the court's opinions were limited to questions of jurisdiction as it related to the rehabilitation proceeding, the McCarran-Ferguson Act and abstention, whereas the settlement resolves other complex, fact-based issues that affect the success of the entire scheme of rehabilitation and the bankruptcy case involving American Financial Group (Ambac's parent corporation), including the substantive accuracy of the multi-million dollar refund, the collectibility of any attempt to collect the refund, American Financial Group's accounting method and its multi-billion dollar net operating losses. Although the bankruptcy and rehabilitation proceedings were separate proceedings in two different courts, both are resolved by the parties' settlement; had the parties not reached a settlement, it is questionable whether the bankruptcy reorganization and the rehabilitation could have succeeded or whether any tax liability could have been collected. The United States chose to relinquish its attempt to obtain a favorable ruling on the jurisdictional issues in order to resolve the dispute, assure

the collectibility of at least a portion of the tax to which it was entitled and protect the rehabilitation proceedings.

Second, the parties argue, vacating this court's opinions will allow the same or similar issues to be relitigated in a federal forum in a future case and appealed by the United States if the district court order is unfavorable. Without vacatur, the United States runs the risk that it will be seen as having acquiesced in this court's resolution of the jurisdictional issue, which might complicate the defense and settlement of future cases.

The parties' arguments set forth adequate reasons to support the grant of the parties' request for vacatur of the two opinions at issue. Therefore, I am inclined to vacate the opinions if the case is returned to this court for that purpose.

Entered this 10th day of July, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge